CASE 20—MOTION FOR MANDAMUS—MARCH 27.

# Hindman v. Field, Judge, &c.

ORIGINAL PROCEEDING IN THE COURT OF APPEALS.

1. FUND IN COURT—DISTRIBUTION OF.—A judgment directing an immediate payment to any party litigant out of a fund in court money that may be in controversy, is unauthorized, and can not deprive the opposing party of his indisputable right to stay such payment by the execution of a supersedeas bond. In this case both the clerk, who was required to certify the check to the parties to whom the money was directed to be paid, before the payment of the money, and the parties to whom it was directed to be paid, knew the opposing parties intended to execute a supersedeas bond, and the money was obtained by the parties prematurely, and by the irregular action of the clerk.

2. MANDAMUS.—But as the lower court was of opinion that it had no jurisdiction in the motion made before it for a rule against the parties who had withdrawn the money, to pay it back into court, because of the fact that the supersedeas bond had been then executed, this court will not order a writ of mandamus against the judge of the lower court.

3. RULE.—This court without a formal motion will not be inclined to enter a rule against the parties who withdrew the money.

C. B. SEYMOUR AND PHELPS & THUM FOR PETITIONERS.

1. This court under the provisions of sec. 110, of the Constitution, has the "power to issue such writs as may be necessary to give it a general control of inferior jurisdictions."

2. The supersedeas does not take away the jurisdiction of the
   court below, but simply stays procedure on the judgment super-
   seded; and it retains all its jurisdiction except the right to en-
   force that judgment, including the right to call back and
   preserve the fund. Goddard v. Ordway, 94 U. S., 672; Colbers
   v. Rankin, 72 Cal., 197.
3. In this state judgments must be actually entered and signed
   before the judge loses the power to correct them. Ky. Stat.,
   secs. 378 and 1017; Nevill v. Claxon, 2 Bush, 563; Bennet v.
   Tiernay, 7 Ky., 584; Johnson v. Commonwealth, 80 Ky., 379;
   Raymond v. Smith, 1 Met., 67.

JOHN S. JACKMAN AND PRYOR, O'NEAL & PRYOR FOR RE-
SPONDENT.

1. Section 378, of the Kentucky Statutes, merely prescribes a method
   of preserving the records of the court by providing that the
   proceedings shall be read in open court, and afterwards signed
   by the judge; the recording of the judgment is merely a min-
   isterial act of the clerk. Matthews v. Houghton, 11 Maine, 377;
   Fish v. Emmerson, 44, N. Y., 370; Seiber v. Fink, 70 Col., 148;
   Black on Judgments, vol. 1, secs. 106-9-10.
2. A judgment drawn as it is intended to be entered, and signed
   and filed among the papers in the case, is a judgment as of that
   time. Amer. & Eng. Enc. of Law, vol. 5, pp. 375-9, vol. 12, pp.
   70-1; Enc. of Plead. & Prac., vol. 5, pp. 1036-7, and authorities
   cited.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT

This is a motion by Thomas C. Hindman for a writ of
mandamus requiring Emmet Field, judge of the Jefferson
Circuit Court, Common Pleas division, to make a rule against
Charles S. Grubbs and Frank Morancy, attorneys at law, to
show cause why they shall not be compelled to put back into
that court the sum of $4,000, withdrawn under these circum-
stances: Transcript of proceedings and bill of exceptions
filed with the motion show there was pending in said court
an action by S. H. Sullivan, assignee, &c., plaintiff, against

Columbia Fire Ins. Co., etc., defendants, in which there was a judgment rendered as of February 23, 1897, one paragraph of which was as follows: "That in addition to the amount heretofore paid to said Grubbs & Morancy, they are allowed the further sum of $4,000 for services rendered the assigned estate of the Columbia Fire Insurance Co. of America, and they are now allowed to immediately withdraw from the fund in court said sum; and it is further ordered that James S. Ray, receiver, be, and he is hereby, directed to pay to Grubbs & Morancy their costs herein expended, to which the Courier Journal Job Printing Co. and Thomas C. Hindman by counsel, except and pray an appeal to the Court of Appeals."

There was in fact no entry made February 23, 1897, in the proper record book of the judgment, nor until February 25, 1897, after the $4,000 was withdrawn by Grubbs & Morancy, was there any other record evidence of the judgment than a draft of it signed by the judge. Nevertheless Grubbs & Morancy, on February 24, 1897, presented to clerk of the court the draft mentioned, and he thereupon certified a check for $4,000 drawn by receiver of the court in favor of Grubbs & Morancy, and they then withdrew that sum and appropriated it.

A judgment directing an immediate payment to any party litigant out of a fund in court money that may be in controversy is unauthorized, and certainly can not deprive the opposing party of his indisputable right to stay such payment by executing a supersedeas bond.

In this proceeding the clerk knew and Grubbs & Morancy knew plaintiff in the present motion intended to execute a

supersedeas bond. In fact before Grubbs & Morancy presented to the clerk the draft of the judgment, and upon it procured certificate of the latter that was indispensable in order to enable the former to draw the money, directions had been given by plaintiffs in this motion to the clerk to prepare a supersedeas bond, a surety to the bond had been obtained, and it was not promptly executed because the clerk himself suggested completion of it be delayed until he by inspection of the judgment, not then ready for his inspection, could recite in the bond the particular part of the judgment it was intended to supersede.

We do not hesitate to decide that plaintiff has been deprived practically of a right provided for by law in every such case, and Grubbs & Morancy have obtained the money in question prematurely and by irregular action of the clerk.

But as the lower court was of opinion it had no jurisdiction of the motion made February 25, 1897, for the rule against Grubbs & Morancy, and probably, in view of the fact the supersedeas bond had then been executed, did not have such jurisdiction, we decline to order the writ of mandamus.

In his application for the writ petitioner asks this court, in case the writ is denied, to order a rule against Grubbs & Morancy, but we are not inclined, without a formal motion, to make the rule, and hope there will be no necessity for 't.